**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FREDERICK MAWALLA
140-1560 Floor Street East
Mississauga
Ontario, L4X 1R8
Canada

Plaintiff,

v.

LINDA HOFFMAN
919 18th Street, N.W., Ste. 250
Washington, D.C. 20006

And

FREILICHER & HOFFMAN, P.C.
919 18th Street, N.W., Ste. 250
Washington, D.C. 20006

Serve on:
ARMIN U. KUDER
1350 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036

Defendants.

C.A. No.____________________

## COMPLAINT

Plaintiff, Frederick Mawalla, ("Mr. Mawalla") by and through his undersigned attorneys, hereby complains and alleges as follows:

## INTRODUCTION

1. This case arises from Mr. Mawalla's attempt to become a lawful permanent resident of the United States. Mr. Mawalla is a Tanzania native.

2. Mr. Mawalla is a satellite engineer. In 2001, he was employed by Intelsat, a large

multi-national corporation based in Washington D.C. At the time, Mr. Mawalla held a G-4 visa.

3. In 2001, Intelsat decided to switch their employees to permanent residency status. To do this, they suggested to their employees that they retain Linda Hoffman and the law firm Freilicher & Hoffman, P.C. as their immigration counsel. Intelsat offered to pay for the legal services of Freilicher & Hoffman, P.C., but made it clear to their employees that they would have to pay their own legal fees if they decide to retain any another attorney.

4. Mr. Mawalla followed Intelsat's recommendation and retained Ms. Hoffman and Freilicher & Hoffman, P.C. From the onset of her representation, Ms. Hoffman failed to act diligently on behalf of Mr. Mawalla.

5. In November 2002, Intelsat terminated Mr. Mawalla's employment. Although Mr. Mawalla was still eligible for adjustment of his status, Linda Hoffman and Freilicher & Hoffman, P.C. did not pursue this course of action and wrongfully informed Mr. Mawalla that he was no longer eligible for such an adjustment.

6. Linda Hoffman and Freilicher & Hoffman, P.C. also failed to take the necessary steps to obtain a B-2 visitors visa for Mr. Mawalla. Mr. Mawalla retained different counsel and began the process of adjusting his status. By 2004, he was very close to successfully adjusting his status.

7. In August 2004, Ms. Hoffman advised Intelsat to withdraw its support petition for Mr. Mawalla in order to preserve Intelsat's immigration quota. As a result, Mr. Mawalla's application for adjustment of status was denied in 2005. He subsequently left the United States in order to avoid overstaying his visa. Mr. Mawalla was unable to obtain a B-2 visitors visa because of the negligent and unlawful behavior of Ms. Hoffman and Freilicher & Hoffman, P.C.

8. Not only did Ms. Hoffman and Freilicher & Hoffman, P.C. breach their duty of care

by failing to diligently represent Mr. Mawalla, but they also acted directly against his interests. But for her actions in August 2004, Mr. Mawalla would have been able to successfully adjust his status to that of a lawful permanent resident.

## PARTIES.

9. Plaintiff Frederick Mawalla is a citizen of Tanzania and currently resides in Ontario, Canada. At the time of the events that give rise to this lawsuit, he was a resident of the State of Maryland.

10. Defendant Linda Hoffman is a partner in Defendant law firm Freilicher & Hoffman, P.C., located at 919 18th Street, N.W., Ste. 250, Washington, D.C. 20006. She is an attorney admitted to practice in the District of Columbia and Commonwealth of Virginia. Ms. Hoffman focuses on immigration and naturalization work.

11. Defendant Freilicher & Hoffman, P.C., is a District of Columbia professional corporation, located at 919 18th Street, N.W., Suite. 250, Washington, D.C. 20006. It is a law firm that focuses on immigration and naturalization work.

## JURISDICTION AND VENUE

12. Jurisdiction is proper in this Court under 28 U.S.C.§1332.

13. Venue is proper in this judicial district and division under 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

14. This action arises out of Defendants' representation of Mr. Mawalla in connection with his immigration status.

15. Mr. Mawalla was employed by Intelsat Global Service Corporation as an engineer.

16. Initially, Mr. Mawalla held a G-4 visa, which allows an employee of a designated

organization or corporation to enter the United States to engage in business activities connected with their employment. The G-4 visa only allows the employee to enter the United States for the purposes of being employed by the sponsoring organization or corporation. Each designated organization of corporation can only sponsor a limited number of employees for G-4 visa status.

17. In late 2001, Intelsat announced plans to assist a number of its G-4 status employees, in obtaining permanent residency status. Intelsat agreed to assist Mr. Mawalla in obtaining permanent residency status. Intelsat recommended the employees retain Ms. Hoffman Freilicher & Hoffman, P.C. as their immigration attorneys and offered to pay for their legal services and associated expenses. The G-4 status employees, including Mr. Mawalla, were advised that if they retained another attorney, Intelsat would only cover part of the expenses. Mr. Mawalla understood that Ms. Hoffman and Freilicher & Hoffman, P.C. were Intelsat's attorneys.

18. Shortly after Intelsat recommended Ms. Hoffman and Freilicher & Hoffman, P.C. to its employees, Ms. Hoffman (and Freilicher & Hoffman, P.C.) contacted Mr. Mawalla by e-mail. This e-mail invited Mr. Mawalla to retain her and her law firm by sending a reply e-mail stating so. Mr. Mawalla sent a reply e-mail in which he agreed to be represented by Ms. Hoffman and Freilicher & Hoffman, P.C.

19. Ms. Hoffman filed an application for Labor Certification that was approved by the Department of Labor on March 18, 2002.

20. Ms. Hoffman also filed an Petition for Immigrant (Form I-140) on behalf of Intelsat sometime in 2002. It was approved sometime before November 2002 by the Immigration Naturalization Service (the "INS", now known as U.S. Citizen and Immigration Services (the "USCIS")).

21. The Department of Labor certification meant that there was a visa number available for Mr. Mawalla on March 18, 2002. It meant that an application for adjustment of status (to permanent resident), Form I-485, could have been properly filed on July 31, 2002[1].

22. In late November 2002, Intelsat terminated the employment of Mr. Mawalla as a result of Intelsat's decision to reduce its workforce.

23. In early December 2002, Mr. Mawalla received an unsigned letter from Intelsat informing him that he would likely experience immigration difficulties and that Intelsat would provide him with seven hundred fifty dollars ($750.00) for legal fees and once again recommended Ms. Hoffman and Freilicher & Hoffman, P.C. Mr. Mawalla later received a phone call from Mr. Faterna, an Intelsat employee, offering the same advice.

24. Although Mr. Mawalla was terminated in 2002, Intelsat did not withdraw his I-140 petition until August 20, 2004.

25. On December 20, 2002, Mr. Mawalla met with Ms. Hoffman for the first time. At that meeting, she told Mr. Mawalla that she was not going to file his application for adjustment of status (Form I-485) and informed him that his only option was to change his status to B-2 visitor visa status. He wrote Mrs. Hoffman a check in the amount of two hundred fifty dollars ($250.00) to cover the balance not paid by Intelsat.

26. On or about January 23, 2003, Mr. Mawalla signed a retainer agreement with Ms. Hoffman and Freilicher & Hoffman, P.C. Ms. Hoffman and Freilicher & Hoffman, P.C. was engaged to assist Mr. Mawalla in changing his status to a holder of B-2 visitor visa.

---

[1]On this day, 8 CFR 245a.2 went into effect allowing the filing of a I-485 Petition prior to the approval of a I-140 Petition.

27. Ms. Hoffman did not submit the Application to Extend/Change Non-Immigrant Status (Form I-539) with the USCIS until late March 2003. The first Form I-539 she filed was denied because it was submitted without Mr. Mawalla's signature. The second Form I-539 Ms. Hoffman filed was denied because it was untimely. This final denial took place sometime in the Summer of 2003.

28. Ms. Hoffman and Freilicher & Hoffman, P.C. did not appeal the USCIS decision and Mr. Mawalla terminated Ms. Hoffman's representation.

29. Ms. Hoffman did not provide copies of her communication with USCIS during her representation.

30. In late 2003, Mr. Mawalla retained Ms. Rhodes, an attorney in Rockville, Maryland, who filed a motion to reopen Mr. Mawalla's application to change his status to B-2 visa holder. This motion was subsequently denied.

31. In late 2003/early 2004, Mr. Mawalla was informed that his I-140 application has not been revoked and he is still eligible to adjust his status under the American Competitiveness in the Twenty-First Century Act, if he could obtain another qualifying job.

32. In April 2004, Mr. Mawalla through his new attorney, David Beard, filed an application for adjustment of status based on his I-140 eligibility.

33. On August 20, 2004, Intelsat sent a letter to USCIS withdrawing Mr. Mawalla's I-140 application. Ms. Hoffman and her firm were listed as the recipients of the copy of this letter.

34. In March 2005, USCIS sent a letter to Mr. Mawalla requesting additional documents. He submitted them promptly.

35. In July 2005, USCIS denied Mr. Mawalla's application for adjustment of status

because of Intelsat's withdrawal of Mr. Mawalla's I-140 application.

36. If Mr. Mawalla's application for adjustment of status (I-485) was pending for more than one hundred-eighty days on August 20 2004, his application for adjustment of status would not have been affected by the withdrawal of his I-140 petition by Intelsat and he could have adjusted his status upon finding a new job.

37. Subsequently, USCIS denied Mr. Mawalla's motion to reopen his adjustment application. Mr. Mawalla subsequently retained his current immigration counsel, Paul Shearman Allen & Associates.

38. Mr. Mawalla subsequently left the United States to avoid overstaying his visa.

**COUNT I**
**(Professional Malpractice)**

39. All prior paragraphs are hereby incorporated by reference as if fully restated herein.

40. Defendants owed Mr. Mawalla a reasonable duty to exercise that degree of care and diligence in pursing Mr. Mawalla's immigration claims as used by attorneys engaged in the practice of law. This duty included timely filing the necessary documents and promptly advising him of his options.

41. Defendants breached this duty by failing to timely and correctly file the required documents with USCIS and failing to truthfully and accurately advise him of the options available to him.

42. As a result of Defendants' breach of duty of care, Mr. Mawalla was unable to adjust his immigration status. He suffered economic damages and severe emotional damage as a result of Defendants' breach.

WHEREFORE, Plaintiff Mawalla demands judgement against Defendants for compensatory

damages in the amount of one million ($1,000,000.00), plus interest, costs and any and all other relief to which this Court finds him entitled.

**COUNT II**
**Breach of Fiduciary Duty**

43. All prior paragraphs are hereby incorporated by reference as if fully restated herein.

44. Defendants owed Mr. Mawalla a fiduciary duty, which included a duty of loyalty and a duty of care.

45. Defendants breached the duty of care by failing to timely and correctly file the required documents with USCIS and failing to truthfully and accurately advise him of the options available to him.

46. At all relevant times, Defendants' priority was to look out for Intelsat's interests, and not Mr. Mawalla's, interests.

47. The interests of Mr. Mawalla and Intelsat became incompatible from the moment they decided to terminate his employment. Mr. Mawalla's interest was to adjust him immigration status - Intelsat did not want Mr. Mawalla to adjust his status because they wanted to preserve their quota on the number of people who they could sponsor for adjustment of status.

48. The above-described conflict of interest is a non-waivable conflict of interest. This conflict was never disclosed to Mr. Mawalla.

49. Defendants sabotaged Mr. Mawalla's immigration case in order to further the interests of Intelsat.

50. On August 20, 2004, Defendants knowingly engaged in conduct that made it impossible for Mr. Mawalla to adjust his status.

51. As a result of Defendants' breach of their fiduciary duties, Mr. Mawalla was unable

to adjust his immigration status. He suffered economic damages and severe emotional damage as a result of Defendants' breach.

WHEREFORE, Plaintiff Mawalla demands judgement against Defendants for compensatory damages in the amount of one million ($1,000,000.00), plus interest, costs and any and all other relief to which this Court finds him entitled.

Respectfully Submitted,

Matthew H. Simmons
Bar No. MD14700
Simmons & Associates, Chartered
7347 Wisconsin Ave. Suite 200
Bethesda, MD 20877
(301) 986-8444
(240) 597-0749 (fax)
Counsel for Plaintiff

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury as to all issues so triable.

Respectfully Submitted,

Matthew H. Simmons
Bar No. MD14700
Simmons & Associates, Chartered
7347 Wisconsin Ave. Suite 200
Bethesda, MD 20877
(301) 986-8444
(240) 597-0749 (fax)
Attorney for Plaintiff
Counsel for Plaintiff

\\10.0.0.20\files\Client Files\Mawalla\Complaint081406SPM.wpd

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Frederick Mawalla

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Linda Hoffman, et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Matthew H. Simmons
Simmons & Associates, Chartered
7347 Wisconsin Avenue, Suite 200
Bethesda, Md 20814 (301) 986-8444

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⊙ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ⊙ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- [ ] 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊙ E. *General Civil (Other)*** **OR** **○ F. *Pro Se General Civil***

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  O 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Legal Malpractice and Breach of Fiduciary Duty

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 1,000,000 Check YES only if demanded in complai **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** August 20, 2007 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.